UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA						PLAINTIFF

v.									CIVIL ACTION NO. 3:18-CV-409-CRS

Rosie PHILLIPS, et al.							DEFENDANTS

MEMORANDUM OPINION

I.  Introduction

This case is before the Court on Plaintiff United States of America's motion for default judgment, summary judgment, and an order of sale. DN 14. No Defendant has responded. Therefore, this matter is ripe for review. Finding that Defendants Rosie Phillips and Portfolio Recovery Associates, LLC ("PRA") have defaulted, the Court will grant default judgment to the United States. Further finding that Defendant Town & Country Bank and Trust Company's ("Town & Country") judgment lien is inferior to the United States' prior purchase money mortgage, the Court will grant summary judgment to the United States. As a result, the Court will enter an order of sale foreclosing on the property at issue.

II.  Factual Background[1]

A.  Phillips's Mortgage

On July 17, 2007, Phillips executed and delivered a promissory note to the United States Department of Agriculture's Rural Housing Service. DN 1-1 at 1. The note had a principal amount of $84,800 and an interest rate of 5.75% per annum. *Id*. at 1. To secure the note, Phillips

---

[1] Neither Phillips nor PRA have appeared in this Court. Town & Country is "without sufficient knowledge or information to admit or deny the allegations" surrounding the United States' mortgage, but provides information regarding its judgment lien that the United States does not refute. DN 9. As to its mortgage, the United States has produced documents and affidavits in support of its motion as required by Federal Rule of Civil Procedure 56(c). Therefore, to the extent the facts are recited, there is no genuine issue of material fact.

1

signed a mortgage that was recorded on the same day in Mortgage Book 793, Page 620 in the Office of the Clerk of Nelson County, Kentucky. DN 1 at 2; DN 1-2 at 1. Through the mortgage, Phillips granted the United States a mortgage lien on property located at 137 Scenic Drive, Bardstown, Kentucky 40004 and described as:

> BEING Lot 62 in Springhill Subdivision, Section #3, filed in Plat Cabinet 1, Slot 92, in the Nelson County Court Clerk's Office, Nelson County, Kentucky.
>
> Being the same property to which Rosie Phillips, unmarried acquired title by Deed from Kirk G. Hamilton and his wife Lisa A. Hamilton, dated July 17, 2007, of record in Deed Book 443, Page 347, in the Nelson County Court Clerk's Office.

DN 14-1 at 1–2; DN 1-2 at 1, 7.

That same day, Phillips signed a Subsidy Repayment Agreement authorizing the United States to recapture, upon transfer of title or non-occupancy of the property, any subsidies granted to her by the United States. DN 1-3. Later, on or about April 17, 2012, Phillips signed a Reamortization Agreement combining the unpaid principal and unpaid interest into a new principal. DN 1-4. Phillips then defaulted on the note by failing to make required payments. DN 1-2 at 2. The United States claims that, as of October 3, 2017, it is owed $96,516.14 in principal balance, $5,336.80 in interest, $19,114.48 in subsidies, $174.86 in late charges, and $561.88 in fees, for a total of $121,704.16. DN 14-2.

    **B.**     **Portfolio Recovery Associates's Lien**

PRA is the holder of a judgment lien recorded on June 2, 2009 in Encumbrance Book 44, Page 678 in the Office of the Clerk of Nelson County, Kentucky. DN 1 at 3; DN 1-5. The judgment, originating from a Nelson County District Court case with the docket number 09-CV-182, was originally for $6,018.53 at an interest rate of 12% per annum. DN 1-5.

    **C.**     **Town & Country's Lien**

Town & Country is the holder of a judgment lien recorded on November 10, 2011 in Encumbrance Book 53, Page 410 in the Office of the Clerk of Nelson County, Kentucky. DN 1 at 3–4; DN 1-6. The judgment, originating from a Nelson County Circuit Court case with the docket number 11-CI-00315, was originally for $5,871.32 plus costs at an interest rate of 10.517% per annum and attorney's fees in the amount of $711. DN 1-6. Town & Country asserts that, as of August 2, 2018, it is owed $10,133.90 with the interest rate of 10.517% per annum continuing to compound until paid. DN 9 at 2.

### III. Discussion

#### A. Default Judgment

Phillips was served by certified mail on July 13, 2018. DN 7. This method of service is sufficient under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(e)(1); KY. R. CIV. P. § 4.01(1). She has not appeared in this Court or filed any response under Federal Rule of Civil Procedure 12. Further, Phillips is not a "servicemember" within the meaning of the Servicemembers Civil Relief Act, 50 U.S.C. §§ 3901, *et seq*. DN 14-4. Therefore, Phillips is in default and the Court will enter a default judgment pursuant to Federal Rule of Civil Procedure 55.

PRA's registered agent was served by certified mail on July 6, 2018. DN 6. This method of service is sufficient under the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 4(h)(1)(A); KY. R. CIV. P. § 4.01(1). PRA has not appeared in this Court nor filed any response under Federal Rule of Civil Procedure 12. Therefore, PRA is in default and the Court will enter a default judgment pursuant to Federal Rule of Civil Procedure 55.

B.  **Summary Judgment**

The Supreme Court of Kentucky has described Kentucky's scheme of secured transactions:[2]

> Kentucky is a race-notice jurisdiction. *See* KRS 382.270–.280. In order to have first priority, "one must not only be the first to file the mortgage, deed or deed of trust, but the filer must also lack actual or constructive knowledge of any other mortgages, deeds or deeds of trust related to the property." Put another way, a prior interest in real property takes priority over a subsequent interest that was taken with notice, actual or constructive, of the prior interest.

*Mortgage Electronic Registration Sys., Inc. v. Roberts*, 366 S.W.3d 405, 407–08 (Ky. 2012) (internal citation omitted). Therefore, Kentucky utilizes a first in time, first in right system to the extent that the General Assembly has not provided a different rule. *See Wells Fargo Bank, Minn., N.A. v. Commonwealth, Fin. and Admin., Dep't of Revenue*, 345 S.W.3d 800, 805–06 (Ky. 2011) (Kentucky statute providing priority for tax liens places it above all other secured interests).

This case involves a purchase money mortgage and a judgment lien. Purchase money mortgages are not provided any special status under Kentucky law. *Hays v. Nationstar Mortgage LLC*, 510 S.W.3d 327 (Ky. App. 2017) (recognizing implicit overruling of older Kentucky case that had provided such status). Similarly, the statute creating judgment liens "does not create a special priority for such liens." *Wells Fargo*, 345 S.W.3d at 806. *See also* KY. REV. STAT. § 426.720. Since all parties recorded their liens in the Office of the Clerk of Nelson County, Kentucky, constructive notice of the preceding liens existed. Therefore, the ancient rule of first in time, first in right governs this case.

---

[2] This action was brought pursuant to 28 U.S.C. § 1345, since the United States is the plaintiff. In such a scenario, courts have generally agreed that *Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938), and its progeny do not apply. *See United States v. California*, 655 F.2d 914, 916–917 (9th Cir. 1980) (collecting cases). As a result, state substantive law does not control. However, where there is "no clear federal law to apply, federal courts have referred to state law to provide the appropriate rule." *Id.* at 917 (quoting *United States v. Nationwide Mut. Ins. Co.*, 499 F.2d 1335, 1356–57 (9th Cir. 1974)). Since there is no federal law governing secured transactions, we turn to the law of the Commonwealth of Kentucky.

Here, the United States' mortgage was filed on July 17, 2007. DN 1-2. PRA's judgment lien was filed June 2, 2009. DN 1-5. Town & Country's judgment lien was filed November 10, 2011. DN 1-6. Therefore, the United States' mortgage was filed first without notice of other liens and is superior. Town & Country appears to admit as much. DN 9 at 1 (admitting allegation that "The interest of [Town & Country] is inferior in rank and subordinate in priority to the first mortgage lien on the Property in favor of [the United States]").

## IV. Conclusion

The United States will be granted summary judgment and default judgment against the lienholders joined here and an appropriate order of sale will be entered. The Court reserves decision as to the priority of any liens inferior to the United States of America's lien until after the sale of the property described herein.

A separate order will be entered in accordance with this opinion.

January 14, 2019

**Charles R. Simpson III, Senior Judge**
**United States District Court**